UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X   Case No. 07 CV 6925 (LAK)
MARIA MOTO, on behalf of herself and
all other persons similarly situated.

                                                    ANSWER

                       Plaintiff,

        -against-

BROADWAY OFF PRICE, INC.,

                       Defendant.
-----------------------------------------------------X

       Defendants BROADWAY OFF PRICE and GIDEON SHAFIR, by their attorneys Richard M. Greenspan, P.C., for their Answer to the Complaint, states as follows:

       1.      Deny the allegations in paragraph 1 of the Complaint.

       2.      Deny the allegations in paragraph 2 of the Complaint.

       3.      Deny the allegations in paragraph 3 of the Complaint, except admits that plaintiff was employed in New York, NY.

       4.      Deny the allegations in paragraph 4 of the Complaint.

       5.      Admit the allegations in paragraph 5 of the Complaint.

       6.      Deny the allegations in paragraph 6 of the Complaint.

       7.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint, except admit that plaintiff was employed by the Broadway Dress Shop, which is a store owned and operated by the corporate defendant, from mid-October 2005 to mid-December 2006, at variable hours never exceeding 60 hours per week, for a salary ranging from $275.00 to $285.00 per week.

       8.      Admit the allegations in paragraph 8 of the Complaint.

9. Deny the allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 12 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Amended Complaint.

15. Defendants repeat and reallege each and every response set forth above in response to paragraphs 1 through 14 of the Complaint as if they were set forth here again.

16. Deny the allegations in paragraph 16 of the Complaint, except admit that the Broadway Dress Shop is an employer which sells good that have been moved or produced in commerce.

17. Admit the allegations in paragraph 17 of the Complaint, except deny that the Broadway Dress Shop, the store in which plaintiff was employed, had yearly gross revenues exceeding $500,000 in 2005 or 2006.

18. Admit the allegations in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Defendants repeat and reallege each and every response set forth above in response to paragraphs 1 through 26 of the Complaint as if they were set forth here again.

28. Deny the allegations in paragraph 28, except admit that plaintiff was employed by the corporate defendant.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Defendants repeat and reallege each and every response set forth above in response to paragraphs 1 through 32 of the Complaint as if they were set forth here again in support of their affirmative defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The court lacks subject matter jurisdiction over this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. The court lacks personal jurisdiction over the individual defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. From in or about May 1, 2006 until her separation from employment, plaintiff was employed, in a supervisory capacity, at a weekly salary pursuant to agreement with the corporate defendant and was, therefore, an exempt employee under Section 13 of the FLSA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. At all times relevant herein, defendants actions with respect to its employees, including the plaintiff, were taken in good faith and with reasonable grounds for believing they were

not in violation of the act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Claims by employees who are alleged to be similarly situated to the plaintiff are barred by the applicable statute of limitations.

WHEREFORE, defendants demand judgement dismissing the complaint, with costs, disbursements and attorneys fees and for such legal and equitable relief as the Court deems appropriate.

Dated: New York, New York
       August 31, 2007

*Thomas Rubertone, Jr.*
_____
Thomas Rubertone, Jr. (TR 2193)
Law Offices of Richard M. Greenspan
Attorneys for Defendant
220 Heatherdell Road
Ardsley, New York 10523
(914) 478-2801

To:   Justin A. Zeller, Esq.
      *Attorney for the Plaintiff*
      251 West 14th Street, 5th floor
      New York, New York 10011
      (212) 860-9169

[Z:\trubertone\Tom To Do\BwayOPAns.wpd]